```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

TRANSPORTATION      ALLIANCE
BANK, INC.,

       Plaintiff,

v.                                    Case No:  2:18-cv-499-FtM-99MRM

PEEWEE'S HAULING, INC., a
Florida     for     profit
corporation,        PEEWEE'S
SERVICES CORP., a Florida
for   profit   corporation,
MARLOWE  F.  VARGAS,  and
SHANNON GEORGE,

       Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Ex Parte and Emergency Motion for Prejudgment Writ of Replevin (Doc. #16) filed on August 9, 2018. Plaintiff seeks an emergency prejudgment writ of replevin pursuant to Fed. R. Civ. P. 64 and Fla. Stat. § 78.068. For the reasons stated below, the motion will be denied.

**I.  Background**

On July 16, 2018, plaintiff filed its original Complaint (Doc. #1) and summonses were issued. On July 20, 2018, plaintiff filed an Amended Complaint (Doc. #10) alleging that Peewee's Hauling, Inc. (PHI) executed a Promissory Note in the amount of $193,661.00 in favor of plaintiff. Shannon George (George) signed the Note

as President of PHI. The terms of the Note require repayment over 59 months payments, exclusive of interest. The Notice is secured by a Commercial Security Agreement granting plaintiff a security interest in a 2016 Mack GU713 Tractor. This Agreement was also signed by George. PHI also executed a Business Loan Agreement reaffirming the terms of both, and a Commercial Guaranty. PHI executed a Power of Attorney in plaintiff's favor to act as attorney-in-fact to act for PHI in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien on the collateral.

PHI agreed to register plaintiff's security interest as a lien on the Florida Title to the collateral once it was acquired. The Certificate of Origin for the collateral was issued to Nuss Truck Group, Inc., and purchased by PHI from Nuss. Plaintiff was listed as lienholder on the Original Transfer Form.

On July 20, 2017, PHI filed a form applying for a Certificate of Title with the State of Florida. Included in the form are text boxes for PHI to disclose any lienholders, but PHI did not include plaintiff's information on the form. Marlowe F. Vargas (Vargas) executed the form on behalf of PHI under penalty of perjury. The Certificate of Title was issued without plaintiff listed as a lienholder.

On or about July 28, 2017, Peewee's Services Corp. (PSC) was registered in the State of Florida with the same principal address as PHI. Vargas is the current President of PHI and the Chief Financial Officer of PSC. On or about August 2, 2017, PHI transferred or sold the collateral to PSC, and PHI signed over the Certificate of Title to PSC. The transfer was executed to avoid repayment of the loan, and it is believed that PSC was aware that PHI was transferring the collateral for the purpose of avoiding repayment. The transaction was not for fair market value, was not at arm's length, and PSC is not a *bona fide* purchaser of the collateral.

PHI and George are in default under the terms of the loan documents. In the 8-count Amended Complaint, plaintiff seeks payment of the entire loan, to foreclose the security interest in the collateral, damages for the breach, conversion, fraud, and fraudulent conveyance, and a constructive trust for the collateral. In Count III, plaintiff seeks a prejudgment attachment against PSC to recover the collateral transferred by PHI, George, and Vargas.

**II. Loan Documents**

The Affidavit of Benjamin J. Kotter (Doc. #16-1) attaches copies of the relevant loan documents, and provides the current principal amount still owing. The default provisions of the

Promissory Note (Exh. 1, p.1) signed by PHI allow for forfeiture by judicial proceeding, self-help, repossession or any other method by the creditor against any collateral securing the loan. The Commercial Security Agreement (Exh. 2, p. 2) provides that the collateral shall not be sold, offered for sale, or otherwise transferred. In case of default, the Agreement provides that PHI can be required to "assemble the Collateral and make it available" to plaintiff. Plaintiff also has "full power to enter upon the property of [PHI] to take possession of and remove the Collateral." (Id., p. 4.) The Business Loan Agreement (Exh. 3) provides certain obligations for PHI in connection with the loan. The Power of Attorney (Ex. 4) appoints CT Lien Solutions to sign any Certificates of Owners/applications issued by the Division of Motor Vehicles in the State covering the vehicle. Plaintiff does not indicate why it is not exercising its self-help powers in favor of judicial intervention.

**III. Writ of Replevin**

Pursuant to Fed. R. Civ. P. 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). This includes replevin under subsection (b). Fed. R. Civ. P. 64(b). Under Florida law, "[a]ny person whose personal property is wrongfully

detained by any other person or officer may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention as herein provided." Fla. Stat. § 78.01.  In order to take advantage of this statute, the Court must have *in rem* jurisdiction and venue over the collateral.  Prou v. Giarla, 62 F. Supp. 3d 1365, 1378 (S.D. Fla. 2014).

The Court notes that plaintiff does not specify where the collateral is located in the motion or Affidavit, but the proposed Writ provides that the collateral is located at a specific address in Naples, which is within the Court's jurisdiction.  The loan documents otherwise provide for proper venue in Utah.

To obtain an order authorizing the issuance of a writ, plaintiff must file a complaint containing certain information, including a statement that the property is being wrongfully detained by defendants.  Fla. Stat. § 78.055.  If the complaint is sufficient, the Court must "promptly" issue an order directing defendant "to show cause to show cause why the claimed property should not be taken from the possession of the defendant and delivered to plaintiff." Fla. Stat. § 78.065(2).  Defendant would have the right to a show cause hearing unless the right is waived. Prism Educ. Sys., Inc. v. Quest Achievement Corp., 51 So. 3d 1262, 1263 (Fla. 4th DCA 2011); Fla. Stat. § 78.075.  The Court notes

that no proof of service has been filed as to any of the defendants, and no appearances have been entered.

Alternatively, a writ may issue without notice and a hearing if plaintiff posts a bond. <u>Mixed Fighting Aliance Promotions, Inc. v. de la Noval</u>, No. 11-21107-CIV, 2011 WL 13223714, at *14 (S.D. Fla. Apr. 14, 2011). This requires that the Court finds "that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed." Fla. Stat. § 78.068(2). Although plaintiff has provided sufficient details to enable the Court to identify the collateral, there is nothing in the Complaint, motion, or Affidavit to support a finding that defendants are <u>currently</u> engaging in conduct that may place the collateral in danger of destruction, concealment, removal out of state, or transfer to an innocent purchaser. The transfer of title occurred on or about August 2, 2017. Plaintiff is concerned that the collateral will now be transferred to an innocent purchaser, but does not state why the concern is an emergency 1 year after the last transfer. If the collateral is transferred to a third person in the interim, the writ can be served on a third

person and the action can proceed against the third person. Fla. Stat. § 78.11.

The Court finds that plaintiff has failed to show why the writ should issue at this time, and without the issuance of a show cause order. The motion will be denied without prejudice.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Ex Parte and Emergency Motion for Prejudgment Writ of Replevin (Doc. #16) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record