UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRANSPORTATION ALLIANCE BANK,
INC.,

    Plaintiff,

v.                                                Case No.:   2:18-cv-499-FtM-60MRM

PEEWEE'S HAULING, INC., PEEWEE'S
SERVICES CORP., MARLOWE F.
VARGAS, SHANNON GEORGE and
VICTOR GEORGE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Transportation Alliance Bank's Motion to Default Defendants for Violation of Court's Order [D.E. 102] and Request for Order Striking Pleadings and Defenses.  (Doc. 104).  Plaintiff seeks defaults against Defendants PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George, and asks the Court to strike Defendants' Answer to Fourth Amended Complaint (Doc. 95) as sanctions.  (Doc. 104 at 1).  Defendants have not filed a response in opposition and the time to do so has expired.  For the reasons described herein, the Undersigned respectfully recommends that Plaintiff's Motion (Doc. 102) be **GRANTED**, that defaults be entered against PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George, and that the Court strike the Answer (Doc. 95).

### RELEVANT PROCEDURAL HISTORY

A review of the relevant procedural history is instructive.  On January 7, 2020, Defendants' former counsel filed a Motion to Withdraw, citing a breakdown in communications

with Defendants and irreconcilable differences.  (Doc. 100 at 2).  The Court granted the Motion to Withdraw and required PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George to secure legal counsel to represent them in this litigation no later than March 2, 2020.  (*See* Doc. 102).

The Undersigned warned corporate Defendants PeeWee's Hauling, Inc. and PeeWee's Service Corp. that, pursuant to M.D. Fla. R. 2.03(e), the entities may appear and be heard only through counsel.  (Doc. 102 at 2).  The Undersigned also required individual Defendants Marlowe F. Vargas and Shannon George to file an appropriate notice with the Court stating that they intended to proceed pro se should they not retain counsel.  (*Id.*).  Lastly, the Undersigned specifically warned Defendants that "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate."  (*Id.* at 3).

Out of an abundance of caution, the Undersigned directed the Clerk of Court to add the following service address to CM/ECF for Defendants:  6107 Pine Ridge Rd. #385, Naples, FL 34119.  (Doc. 102 at 2).  The docket reflects that, on February 4, 2020, the Clerk mailed copies of the Undersigned's Order to the unrepresented parties and that no copy was returned as undeliverable.  Nevertheless, none of the Defendants complied timely with the Undersigned's Order or have otherwise appeared and defended this action since the Undersigned's February 3, 2020 Order.

## LEGAL STANDARD

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including entry of a default against the offending party.  *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 807-CV-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008).  Fed. R. Civ. P. 16(f)(1)(C) specifically provides that "[o]n motion or

on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Sanctions under Fed. R. Civ. P. 37(b)(2)(A) include striking the pleadings in whole or in part, dismissing the case in whole or in part, and "rendering a default judgment against the disobedient party."

Defaults, however, are disfavored because of the strong policy of determining cases on their merits. *Claytor v. Mojo Grill and Catering Co. of Beleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)). The Court must find that less drastic sanctions would not be equally effective in achieving compliance with the Court's orders. *Id.* (citing *Adolph Coors*, 777 F.2d at 1543; *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)). However, when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe" sanction of default is not an abuse of discretion. *See id.* (citing *Aztec Steel Co.,* 691 F.2d at 481). Thus, the Court has the authority to enter defaults and default judgments "for failure . . . to comply with its orders or rules of procedure." *Suarez v. Don Pan Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

## ANALYSIS

A review of the docket in this case shows that PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George failed to comply timely with the Undersigned's Order dated February 3, 2020, by obtaining counsel to represent them in this

litigation or, as to the individual Defendants, filing a notice advising the Court that they intend to proceed *pro se*.  (*See* Doc. 102); M.D. Fla. R. 2.03(e).  The Undersigned finds, therefore, that entry of defaults against PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George are warranted under Fed. Rs. Civ. P. 16(f) and 37(b)(2).  The Undersigned also finds that the severe sanction of default is necessary in this case because:  (1) PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George have demonstrated a flagrant, willful, and bad-faith disregard for the Court's Orders; and (2) no less drastic sanction would be effective in achieving compliance with the Court's Orders.

While motions to strike are similarly considered "drastic" and courts tend to disfavor such motions, *see Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002), judges within the Middle District of Florida have exercised their authority to strike a party's answer when the party otherwise failed to retain counsel pursuant to M.D. Fla. R. 2.03(e) or to participate in the litigation.  *See Am. Moisture Control, Inc. v. Dynamic Bldg. Restoration, LLC*, No. 6:06-cv-1908-Orl-28KRS, 2008 WL 1987374, at *1 (M.D. Fla. May 7, 2008); *Varela v. Innovative Wiring Solutions, LLC*, No. 6:07-cv-165-Orl-28KRS, 2008 WL 2700053, at *1 (M.D. Fla. July 9, 2008); *Broadcast Music, Inc. v. MBratta Enter.*, No. 2:14-cv-125-FtM-29CM, 2015 WL 3765200, at *3 (M.D. Fla. June 16, 2015); *see also United States v. Marc*, No. 6:18-cv-2147-Orl-37EJK, 2019 WL 7461689, at *4 (M.D. Fla. Dec. 16, 2019), *report and recommendation adopted*, 2020 WL 42866 (M.D. Fla. Jan. 3, 2020).  Therefore, the Undersigned also recommends striking Defendants' Answer (Doc. 95).

## CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff Transportation Alliance Bank's Motion to Default Defendants for Violation of Court's Order [D.E. 102] and Request for Order Striking Pleadings and Defenses (Doc. 104) be **GRANTED**.

2. The Clerk of Court be directed to enter defaults against Defendants PeeWee's Hauling, Inc., PeeWee's Services Corp., Marlowe F. Vargas, and Shannon George.

3. The Clerk of Court be directed to **STRIKE** Defendants' Answer to Fourth Amended Complaint (Doc. 95), and to add a notation in the docket text that the pleading was stricken pursuant to the Court's Order.

4. The Court require Plaintiff to file a motion for default judgment **no later than April 20, 2020**.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 27, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties