UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRANSPORTATION ALLIANCE BANK,
INC.,

       Plaintiff,

v.                                   Case No.:   2:18-cv-499-FtM-66MRM

PEEWEE'S HAULING, INC., PEEWEE'S
SERVICES CORP., MARLOWE F.
VARGAS, SHANNON GEORGE and
VICTOR GEORGE,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Amended Motion to Establish Amount of Attorneys' Fees,

Costs, and Expenses Due to Transportation Alliance Bank, Inc. D/B/A/ TAB Bank.  (Doc. 131).

Plaintiff moves for an award of attorneys' fees and costs resulting from final default judgment

entered in its favor.  (*Id*. at 1; *see also* Doc. 126).  Defendants have not responded, and the time

to do so has passed.  For the reasons set forth below, the Undersigned recommends that

Plaintiff's Motion (Doc. 131) be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

On August 18, 2020, the presiding United States District Judge adopted the

Undersigned's Report and Recommendation resolving Plaintiff's motions for default judgment.

(Docs. 123, 126).  Relevant to the Motion here, the Undersigned's Report and Recommendation

found that Plaintiff was entitled to an award of attorneys' fees and costs under the documents

giving rise to the litigation subject to certain limitations.  (*See* Doc. 123 at 18-19).  The

Undersigned first found that Plaintiff's promissory note and commercial guaranty entitled

Plaintiff to an award of fees and costs.  (*Id.* (citing Doc. 116-1 at 6, 21)).  But the Undersigned found that Plaintiff's counsel did not provide the necessary information the Court needed to determine the reasonableness of such an award.  (*Id.*).  Furthermore, the Undersigned noted that only two of the Defendants were contractually liable for attorneys' fees and costs under the operative documents.  (*Id.*).  For these reasons, the Undersigned recommended that the Court deny Plaintiff's request for fees and costs against Defendants PeeWee's Hauling, Inc. ("PHI") and Shannon George without prejudice to Plaintiff's ability to renew that portion of its motion and that the Court also deny Plaintiff's request for the same as to the remaining Defendants. (*Id.*).

Plaintiff now provides the Court with the information necessary to make these determinations and requests that the Court award Plaintiff $86,482.59 with Defendants PHI and S. George "individually, jointly, and severally" liable for that amount.  (Doc. 131 at 14).

The Undersigned begins with the relevant legal standard before turning to the reasonableness of Plaintiff's request.

## LEGAL STANDARD

"A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'" to obtain the "lodestar." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Lawrence v. Berkley Grp., Inc.*, No. 10-61069-civ-KMW, 2013 WL 12239477, at *1 (S.D. Fla. Feb. 20, 2013).[1]  The party seeking fees "bears the

---

[1] As Plaintiff notes, the documents entitling Plaintiff to this award contain a choice-of-law provision stating that the contracts shall be governed under Utah state law.  (Doc. 131 at 8). Despite this, Plaintiff cites this Court's and Eleventh Circuit precedent in determining the reasonableness of an award of fees and costs.  (*Id.* at 9-10, 13).  The Undersigned cites the Eleventh Circuit in analyzing the reasonableness of the amount of the award because "Utah has

burden of establishing entitlement and documenting the appropriate hours and hourly rates."

*Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[A]n

applicant may meet this burden by producing either direct evidence of rates charged under

similar circumstances, or opinion evidence of reasonable rates."  *Wales*, 192 F. Supp. 2d at 1317

(citing *Norman*, 836 F.2d at 1299).  A court may, however, rely on its own expertise and

judgment in assessing the value of counsel's services.  *Id.* (citing *Norman*, 836 F.2d at 1303).

## DISCUSSION

### I.  Reasonable Hourly Rate

The first step in reaching the lodestar is to determine a reasonable hourly rate.  "A

reasonable hourly rate is the prevailing market rate in the relevant legal community for similar

services by lawyers of reasonably comparable skills, experience and reputation."  *Norman*, 836

F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11).  Generally, the "'relevant market' for

purposes of determining the reasonable hourly rate for an attorney's services is 'the place where

the case is filed.'"  *Wales*, 192 F. Supp. 2d at 1318 (quoting *ACLU of Ga. v. Barnes*, 168 F.3d

423, 437 (11th Cir. 1999)); *see also United States v. Central Fla. Reg'l Workforce Dev. Bd., Inc.*,

No. 6:04-cv-93-Orl9DABC, 2007 WL 1601747, at *5 (M.D. Fla. June 1, 2007).  Thus, the

relevant market is the Fort Myers Division of the Middle District of Florida.  *Isaac v. Classic*

*Cleaners of Pelican Landing, Inc.*, No. 2:16-cv-171-FtM-29CM, 2017 WL 632510, at *1 (M.D.

Fla. Feb. 16, 2017) (citing *Olesen–Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL

3048451, at *2 (M.D. Fla. Sept. 21, 2009)).

---

[also] adopted the federal lodestar method for calculating reasonable attorney fees" and appears
to be consistent.  *Transportation Alliance Bank Inc. v. Trax Air, LLC*, No. 6:16-cv-1773-Orl-
40DCI, 2018 WL 4691245, at *4 (M.D. Fla. Sep. 10, 2018), *report and recommendation
adopted*, 2018 WL 4680332 (M.D. Fla. Sep. 28, 2018) (citing *USA Power, LLC v. PacifiCorp*,
2016 UT 20, ¶ 92, 372 P.3d 629, 662 (Utah 2016)).

Here, Plaintiff seeks $395 for partners Manuel Farach and Ricardo Aguilar.  (Doc. 131 at 11).  Plaintiff also seeks the following rates for the non-partner attorneys:  $295 for Ralph Confreda; $280 for Daniel Halperin; and $275 for Charles Stoecker.  (*Id*.).  This Court in *Transportation Alliance Bank Inc. v. Trax Air, LLC* previously found reasonable the $395 rate for Farach and Aguilar in a substantially similar matter involving the same Plaintiff.  No. 6:16-cv-1773-Orl-40DCI, 2018 WL 4691245, at * (M.D. Fla. Sep. 10, 2018), *report and recommendation adopted*, 2018 WL 4680332 (M.D. Fla. Sep. 28, 2018).  But this Court also reduced the rate of the attorneys with only five to ten years of practice experience from $295 to $250.  *Id*.  In doing so, this Court noted that while the defendants there did not oppose Plaintiff's motion (like the Defendants here), it was Plaintiff's "burden to establish that the hourly rates and hours expended are reasonable."  *Id*.  Then, this Court analyzed Plaintiff's description of the attorneys' experience and ultimately relied upon its own knowledge and experience along with more "similar cases within this District" and found the $250 rate more reasonable.  *Id*. at *5.  And here, attorneys Confreda, Halperin, and Stoecker have been practicing for 10, 2, and 9 years, respectively.  (Doc. 131 at 12).  Thus, for the same reasons as explained in *Trax Air*, the Undersigned finds that while $395 is a reasonable rate for partners, a more reasonable rate for the non-partner attorneys is $250.

## II.    Reasonable Number of Hours

The second step in the lodestar analysis is determining what hours were reasonably expended in pursuing the action.  Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client."  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment."

*Galdames v. N & D Inv. Corp.*, 432 Fed. App'x 801, 806 (11th Cir. 2011) (emphasis omitted) (quoting *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988)).  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

In support of the reasonableness of the hours counsel expended in this matter, Plaintiff attaches the Affidavit of Charles E. Stoecker summarizing the hours counsel worked (Doc. 113-1 at 1-4) and also includes an itemized billing sheet with specific descriptions of the services counsel performed (*id*. at 5-29).  And while this Court in *Trax Air* found "Plaintiff [] failed to demonstrate that many of the hours billed are reasonable," 2018 WL 4691245, at *7, the Undersigned finds that the specific procedural facts of each matter distinguish this case from *Trax Air*.  For example, there, Plaintiff was subject to three orders to show cause and also "unnecessarily extended" those proceedings by filing three motions for default judgment due to Local Rule violations.  *Id*.  Those circumstances are not present, here.  For ease of reference, the Undersigned summarizes the hours—with the appropriate, adjusted hourly rate—in the following table:

| ATTORNEY | HOURS | RATE | SUM |
|---|---|---|---|
| Manual Farach | 108.20 | $395 | $42,739 |
| Charles E. Stoecker | 135.25 | $250 | $33,812.50 |
| Daniel J. Halperin | 2 | $250 | $500 |
| Ralph W. Confreda | .25 | $250 | $62.50 |
| Ricardo A. Aguilar | .75 | $395 | $296.25 |
| | | Total: | $77,410.25 |

After careful review and consideration of Plaintiff's billing records, the Undersigned finds that the number of hours counsel expended related to attorneys' fees is reasonable in light of the nature of these proceedings and the unique procedural history.

## III.   Nontaxable Costs and Expenses

Plaintiff also seeks $5,619.84 in costs and expenses as of July 24, 2020.  (Doc. 131 at 11).  Ordinarily, when a party seeks its costs under Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920 limits the Court's discretion to an enumerated category.  *See Arcadian Fetilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  "But, both the Supreme Court and [the Eleventh] Circuit have long recognized that contractual provisions can circumvent these restrictions on taxable costs."  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017).  "[U]nder Florida law, provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced" and "trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith."  *Id*. at 1167 (citations omitted).  Similarly, "[i]f the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms."  *Express Recovery Servs. Inc. v. Olson*, 397 P.3d 792, 794 (Utah Ct. App. 2017).

Here, Plaintiff seeks its award not under a statute but under contractual attorneys' fees provisions found in the loan documents that Defendants breached.  (*See* Doc. 131 at 7-8).  The specific provisions, in relevant part, read as follows:

> **Promissory Note**:  [Plaintiff] may hire or pay someone else to help collect this Note if [PHI] does not pay.  [PHI] will pay [Plaintiff] that amount.  This includes, *subject to any limits under applicable law*, [Plaintiff's] reasonable attorneys' fees and [Plaintiff's] legal expenses . . . *If not prohibited by applicable law*, [PHI] also will pay any court costs, in addition to all other sums provided by law.

**Business Loan Agreement**:  [PHI] agrees to pay upon demand *all of [Plaintiff's] costs and expenses*, including [Plaintiff's] reasonable attorneys' fees and [Plaintiff's] legal expenses, incurred in connection with the enforcement of this Agreement.  [Plaintiff] may hire or pay someone else to help enforce this Agreement, and [PHI] *shall pay the costs and expenses of such enforcement*.  Costs and expenses include [Plaintiff's] reasonable attorneys' fees and legal expenses . . . [including] any anticipated post-judgment collection services.  [PHI] also shall pay all court costs and such additional fees as may be directed by the court.

**Commercial Guaranty**:  [S. George] agrees to pay upon demand *all of [Plaintiff's] costs and expenses*, including [Plaintiff's] reasonable attorneys' fees and [Plaintiff's] legal expenses, incurred in connection with the enforcement of this Guaranty.  [Plaintiff] may hire or pay someone else to help enforce this Guaranty, and [S. George] *shall pay the costs and expenses of such enforcement*.  Costs and expenses include [Plaintiff's] reasonable attorneys' fees and legal expenses . . . [including] any anticipated post-judgment collection services.  [S. George] also shall pay all court costs and such additional fees as may be directed by the court.

(Docs. 86-1 at 2, 86-3 at 4-5, 86-4 at 2-3 (emphasis added)).

The Affidavit and itemized billing sheet set forth these costs and expenses:

| COST | AMOUNT |
|---|:---:|
| Search Fee | $25 |
| PACER Photocopy | $1.30 |
| Computer Research | $2,856.30 |
| Legal Fees & Expenses | $2,286.35 |
| Mileage | $155.44 |
| Service Fees | $40 |
| Research (other) | $37.42 |
| Overnight Delivery-Fedex | $177.03 |

| | |
|---|---|
| Certified Copies | $24 |
| Parking | $2 |
| Records Service-Legal | $15 |
| **Total:** | **$5,619.84** |

(Doc. 131-1 at 3, 28).

As noted above, Plaintiff seeks to recover certain nontaxable costs and expenses not under § 1920, but under its contractual provisions with Defendants PHI and S. George.  In another matter involving Plaintiff and the same contractual provisions, one jurist of this Court held that because the "Promissory Note and other relevant agreements provide that a borrower/guarantor will pay expenses associated with collection on the Note '*subject to any limits under applicable law*'" Plaintiff could not recover costs "beyond those provided by section 1920."  *Transportation Alliance Bank, Inc. v. Sky Limits, Inc.*, No. 6:19-cv-53-Orl-31GJK, 2019 WL 7332775, at *3 (M.D. Fla. Dec. 13, 2019) (emphasis added), *report and recommendation adopted*, 2019 WL 7308872 (M.D. Fla. Dec. 30, 2019).

Here, however, only the Promissory Note that PHI signed contains the limiting "under applicable law" language.  (Doc. 86-1 at 2).  Neither the Business Loan Agreement that PHI signed nor the Commercial Guaranty that S. George signed contain any such restricting language.  (Docs. 86-3 at 4-5, 86-4 at 2-3).  In fact, both expressly state that PHI and S. George "*shall* pay the costs and expenses of [Plaintiff's] enforcement" of the documents.  (*Id.* (emphasis added)).  The Undersigned finds, therefore, that the unambiguous terms of these latter two agreements adequately demonstrate that the parties contracted to be liable for a broader range of costs and expenses than those found in § 1920 or that the Court awarded under partially similar circumstances in *Sky Limits*.  After careful review and consideration of Plaintiff's claimed costs

and expenses and in the absence of any objection, the Undersigned finds that the costs and expenses must be awarded under the relevant contracts in the amount of $5,619.84.

## CONCLUSION

Plaintiff has provided sufficient information supporting its request for an award of attorneys' fees and nontaxable costs and expenses.  But Plaintiff has not supported the reasonableness of the rates it seeks for its junior attorneys.  The Undersigned finds that the requested hourly rates of $395 for the partners and $250 for the attorneys with five to ten years of experience is more reasonable.  Furthermore, the Undersigned finds that the hours the five attorneys expended in this matter are also reasonable in light of the unique factual and procedural developments.  The Undersigned, thus, finds that Plaintiff is entitled to $77,410.25 in attorneys' fees.  Lastly, because Plaintiff seeks its costs and expenses pursuant to valid contractual provisions and not under Fed. R. Civ. P. 54(d) or 28 U.S.C. § 1920, and in light of Defendants' failure to object, the Undersigned also finds that Plaintiff is entitled to an award of $5,619.84 for nontaxable costs and expenses.  Accordingly, the Undersigned recommends the Court award Plaintiff a total of $83,030.09 in attorneys' fees, costs, and expenses against PHI and S. George individually, jointly, and severally.

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Amended Motion to Establish Amount of Attorneys' Fees, Costs, and Expenses (Doc. 131) be **GRANTED IN PART** and **DENIED IN PART**.

2. The Court grant Plaintiff $77,410.25 in attorneys' fees and $5,619.84 in costs and expenses against Defendants PeeWee's Hauling, Inc. and Shannon George individually, jointly, and severally.

3.     The Court direct the Clerk of Court to amend the final default judgment (Doc. 127) accordingly.

4.     Plaintiff's Amended Motion (Doc. 131) be denied to the extent it seeks any greater or different relief than herein.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 6, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties